FILED
'06 OCT 18 PM 1:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: PDC   DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN WASIK, CDC #V-98365,<br><br>                            Plaintiff,<br><br>vs.<br><br>C/O McCAIN, et al.,<br><br>                            Defendant. | Civil No.   06-1373 H (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 8]; and**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997e** |

      Plaintiff, Michael John Wasik, a state prisoner currently incarcerated at Ironwood State Prison located in Blythe, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  In his Complaint, Plaintiff alleges that, while he was incarcerated at Calipatria State Prison ("Calipatria"), prison officials used excessive force against him in violation of his Eighth Amendment rights.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No 8].

---

[1] The proceedings were assigned to this Court, but all post-service matters have been referred to Magistrate Judge Ruben B. Brooks by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

## I. Motion to Proceed IFP [Doc. No. 8]

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit sufficient to show that he has no funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

////

////

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 8] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

### A.   Exhaustion of Administrative Remedies

In his Complaint, Plaintiff admits that he did not exhaust his administrative remedies before filing this action. (Compl. at 6.) The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and

1  "regardless of the relief offered through administrative procedures." *Id.* at 741. Moreover, the
2  Supreme Court recently held in *Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006) that
3  "[p]roper exhaustion demands compliance with an agency's deadlines and other critical
4  procedural rules because no adjudicative system can function effectively without imposing some
5  orderly structure on the court of its proceedings." *Id.* at 2386. The Court further held that
6  "[proper exhaustion] means ... a prisoner must complete the administrative review process in
7  accordance with the applicable procedural rules . . . as a precondition to bring suit in federal
8  court." *Id.*

9        The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be
10 *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C.
11 § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d
12 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action
13 which challenges the conditions of their confinement are required to exhaust "all administrative
14 remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198;
15 *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress
16 could have written a statute making exhaustion a precondition to judgment, but it did not. The
17 actual statute makes exhaustion a precondition to *suit*.") (emphasis original). Section 1997e(a)
18 "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable
19 requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311
20 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

21       Thus, because it appears that Plaintiff may not have exhausted his available administrative
22 remedies prior to bringing this action, the Court dismisses Plaintiff's Complaint, without
23 prejudice, for failing to satisfy 42 U.S.C. § 1997e(a). *See Wyatt v. Terhune*, 315 F.3d 1108, 1121
24 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so
25 long as no exception to exhaustion applies.").
26 ////
27 ////
28 ////

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 8] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: 10/15/06

HON. MARILYN L. HUFF
United States District Judge